UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

MARYANN MALTESE,

               Plaintiff,

    v.                                         **MEMORANDUM AND ORDER**
                                                      25-CV-401 (RPK) (MMH)

TEACHERS FEDERAL CREDIT UNION
and BMW HALBERSTADT,

               Defendants.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Maryann Maltese brings this action against her credit union, Teachers Federal Credit Union ("Teachers"), and a car dealer, BMW Halberstadt ("BMW"). Both defendants have moved to dismiss. The motions are granted because plaintiff fails to state any claim under federal law and the Court declines to exercise supplemental jurisdiction over her state law claims.

## BACKGROUND

The complaint consists of handwritten answers to questions in a form complaint, along with attached exhibits. *See* Compl. (Dkt. #1). The factual allegations in the complaint are assumed true for purposes of this order.

On or about July 18, 2024, plaintiff paid BMW $2,324.58 for car repair services. *See id.* at 24. She alleges that she later discovered that BMW engaged in "deceptive double billing tactics for work (service) erroneous[ly] conducted." *Id.* at 5. Plaintiff's attached exhibits show that plaintiff was invoiced by and paid BMW $2,324.58 for car repair services, but later disputed whether she owed any additional payments for additional services. *See id.* at 21–24, 53–78.

1

Plaintiff disputed the $2,324.58 transaction with Teachers. *See id.* at 44. On October 24, 2024, Teachers issued plaintiff a provisional credit for the full amount. *See ibid.*

About two months later, on December 27, 2024, Teachers notified plaintiff that it was denying plaintiff's dispute of the transaction. *See id.* at 19. Teachers's letter to plaintiff explained that Visa handles its merchant disputes. *See ibid.* A merchant dispute is when a customer "know[s] about a transaction which was authorized and/or initiated by [the customer], but [the customer] dispute[s] the services, the good (quality or undelivered), or the amount charged." *Ibid.* After investigating plaintiff's claims, Visa denied plaintiff's request for reimbursement. *See ibid.* Accordingly, Teachers refused to refund plaintiff. *See ibid.*

Plaintiff filed this action against Teachers and BMW on January 23, 2025, alleging breach of contract, breach of fiduciary duty, defamation, and "the use of deceptive double-billing tactics." *See id.* at 5–6. Eight days later, plaintiff filed a letter identifying "additional Federal banking Rules," which alleges that defendants violated the Electronic Fund Transfer Act ("EFTA"). *See* Suppl. Ltr. 1 (Dkt. #7). Consistent with the liberal pleading standards applicable to *pro se* litigants, these two filings are collectively construed as constituting plaintiff's complaint. Plaintiff seeks $2,324.58 in relief, "plus tort for defamation as plaintiff is compliant with NYAG reporting on July 20, 2024." Compl. 6.

Both defendants move to dismiss for failure to state a claim and for lack of subject-matter jurisdiction. *See* BMW Mem. of L. (Dkt. #11-1) ("BMW Mot."); Teachers Mem. of L. (Dkt. #14-1) ("Teachers Mot.").

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss a complaint for "lack of subject-matter jurisdiction." "A case is properly dismissed for lack of subject matter

2

jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Lyons v. Litton Loan Servicing LP*, 158 F. Supp. 3d 211, 218 (S.D.N.Y. 2016) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). When considering a motion to dismiss under Rule 12(b)(1), the court takes as true the factual allegations in the complaint but does not draw inferences favorable to the party asserting jurisdiction. *See J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). The court may also look beyond the complaint to affidavits or other documents. *See Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to plausibly state a claim and is properly dismissed when "the allegations in a complaint, however true, could not raise a claim of entitlement to relief" as a matter of law, *Twombly*, 550 U.S. at 558, or when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" as a matter of law, *Iqbal*, 556 U.S. at 679.

When a plaintiff proceeds *pro se*, her complaint must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). *Pro se* status, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

3

# DISCUSSION

Construed liberally, plaintiff's filings bring a single federal claim for violation of the EFTA by Teachers. Because the Court lacks diversity jurisdiction over this action, all remaining state-law claims arise, at most, under the Court's supplemental jurisdiction. Teachers's Rule 12(b)(6) motion to dismiss the EFTA claim is granted, as plaintiff has failed to plausibly plead a claim for violation of the EFTA. And both defendants' Rule 12(b)(1) motions to dismiss all remaining claims for lack of jurisdiction are granted, as the Court declines to exercise supplemental jurisdiction over any state-law claims following the dismissal of the EFTA claim.

## I. EFTA Claim

Plaintiff's federal claim against Teachers under the EFTA is dismissed because plaintiff has not plausibly pleaded the existence of an unauthorized electronic fund transfer.

The EFTA is a consumer protection statute that provides a "basic framework establishing the rights, liabilities, and responsibilities of participants in electronic fund and remittance transfer systems." 15 U.S.C. § 1693(b). The Act "authorizes a private right of action against a bank that 'fails to comply' with any provision of the Act, including the provision limiting a consumer's liability for unauthorized [electronic fund] transfers." *Widjaja v. JPMorgan Chase Bank, N.A.*, 21 F.4th 579, 584 (9th Cir. 2021) (quoting 15 U.S.C. § 1693m(a)); *see* 15 U.S.C. § 1693g. An "unauthorized electronic fund transfer" is defined as "an electronic fund transfer from a consumer's account initiated by a person other than the consumer without actual authority to initiate such transfer and from which the consumer receives no benefit," subject to certain exceptions not relevant here. 15 U.S.C. § 1693a(12). Regulation E, 12 C.F.R. § 1005 *et seq.*, implements the EFTA, through such measures as requiring certain disclosures to consumers, setting rules for dispute resolution, and specifying in greater detail when a consumer may be held

4

liable for an electronic funds transfer. Plaintiff alleges that her "[b]ank is violating Regulation E," Suppl. Ltr. 4, and further states, "Regulation E—bank failure in suggesting plaintiff as of 12/27/2024, used ATM card inappropriately/fraudulently in consumer/merchant transaction." *Id.* at 1.

Plaintiff's claim under the EFTA fails because plaintiff does not allege that any transfer involving her bank account was "unauthorized." Plaintiff's complaint and exhibits show that she authorized BMW to charge her Teachers debit card $2,324.58 for repair services. *See* Compl. 21–24. The transfer associated with this transaction was thus neither one "initiated by a person other than the consumer without actual authority to initiate such transfer" nor one "from which the consumer receives no benefit." 15 U.S.C. § 1693a(12). And plaintiff's allegations do not conceivably state a claim for violation of any provision of the EFTA other than the one limiting a consumer's liability for unauthorized transfers. Notably, plaintiff admits that Teachers issued plaintiff's account a provisional credit for the full amount of the transaction pending its investigation into plaintiff's complaint, as authorized by 15 U.S.C. § 1693f(c).

Accordingly, plaintiff fails to state a claim for violation of the EFTA, and any such claims to that end are dismissed.

## II. Remaining Claims

Plaintiff's remaining claims against Teachers and BMW, which all arise under state law, are dismissed because the Court does not have original diversity jurisdiction over this action and declines to exercise supplemental jurisdiction.

Under 28 U.S.C. § 1332, a federal court has original jurisdiction over all civil actions where the amount in controversy exceeds $75,000 and there is "complete diversity" of citizenship, meaning that "all plaintiffs must be citizens of states diverse from those of all defendants."

5

*Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014). Complete diversity as required by 28 U.S.C. § 1332 must "be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the records." *Leveraged Leasing Admin Corp. v. PacifiCorp Cap., Inc.*, 87 F.3d 44, 47 (2d Cir. 1996) (citation omitted). Because plaintiff has failed to allege a sufficient basis to determine any party's citizenship, she has not met her burden to establish complete diversity. The information she does provide—a residential address for herself in New York and a business address for BMW in New York—also suggests that complete diversity is absent. Finally, the amount-in-controversy requirement is not met, as plaintiff demands only $2,324.58 in damages, and nothing in the record suggests that plaintiff could recover anything approaching $75,000 on her claims.

Absent diversity jurisdiction, jurisdiction over plaintiff's state-law claims can arise only under the Court's supplemental jurisdiction. Under 28 U.S.C. § 1367(c)(3), a "district court[ ] may decline to exercise supplemental jurisdiction . . . if [it] has dismissed all claims over which it has original jurisdiction." Four factors bear on whether it is appropriate to exercise supplemental jurisdiction: "judicial economy, convenience, fairness, and comity." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 81 (2d Cir. 2018). As a general matter, where "a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir. 2010) (quotation marks and citation omitted); *see Pension Benefit Guar. Corp. ex rel. St. Vincent Cath. Med. Ctrs. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 726–27 (2d Cir. 2013). Plaintiff does not provide a persuasive reason to depart from the usual practice of declining to exercise supplemental jurisdiction once federal claims are dismissed. Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims.

### III.   Leave to Amend

A *pro se* plaintiff should generally be granted leave to amend a complaint at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation omitted). However, "leave to amend need not be granted when amendment would be futile." *Terry v. Inc. Vill. of Patchogue*, 826 F.3d 631, 633 (2d Cir. 2016). Here, a liberal reading of plaintiff's complaint does not give any indication that a valid claim might be stated. Moreover, plaintiff has a history of filing frivolous lawsuits in this district and elsewhere. *See Maltese v. Brown*, No. 23-CV-4566 (RPK) (LB), 2024 WL 3875940, at *5 (E.D.N.Y. Aug. 19, 2024). "In light of [plaintiff's] unintelligible Complaint, along with [her] history of incoherent and frivolous filings, granting leave to amend would [be] futile." *Owens v. Shields*, 34 F. App'x 33, 35 (2d Cir. 2002). Therefore, notwithstanding plaintiff's *pro se* status, plaintiff's complaint is dismissed without leave to amend.

### CONCLUSION

For the foregoing reasons, both defendants' motions to dismiss are granted. Although plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close

7

this case. The Clerk of Court is also respectfully directed to mail a copy of this order to plaintiff and file proof of mailing on the docket.

SO ORDERED.

       /s/ Rachel Kovner
RACHEL P. KOVNER
United States District Judge

Dated: July 8, 2025
      Brooklyn, New York